O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS CLINTON, | ) | Case No. CV 08-4180-DOC (OP) |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| R. GREEN, et al., | ) | |
| Defendants. | ) | |

**I.**

**PROCEEDINGS**

On June 24, 2008, Plaintiff lodged for filing the current pro se Civil Rights Complaint pursuant to 42 U.S.C. § 1983 ("Complaint"). On August 8, 2008, the Complaint was ordered filed after the Court granted Plaintiff's request to proceed in forma pauperis. The events alleged in the Complaint occurred while Plaintiff was incarcerated at the California Men's Colony ("CMC") in San Luis Obispo. (Compl. at 2.) Plaintiff has since been released from custody and currently lives in Van Buren, Arkansas.

/ / /

/ / /

**II.**

1

## PLAINTIFF'S ALLEGATIONS

In the Complaint, Plaintiff names as Defendants Principal of the Prison Education Department R. Green, California Department of Corrections and Rehabilitation ("CDCR") Director James Tilton, CMC Warden John Marshall, and CMC Appeals Coordinator D. Engler. All Defendants are sued in their individual capacities only. Plaintiff seeks monetary damages as well as declaratory and injunctive relief. (Id. at 3-4, 17-18.)

From what the Court can gather from the Complaint, Plaintiff alleges that prison officials at CMC interfered with his incoming and outgoing legal mail by opening his legal documents outside of his presence, preventing him from having proper access to his legal documents, and destroying some of his legal documents. (See id. at 5-7.) This alleged misconduct prevented the delivery to the state courts of a habeas corpus petition relating to the proper calculation of his custody credits and prevented the delivery of a box of legal documents to Plaintiff upon his release from custody. (Id.)

As to Defendants Tilton and Marshall, Plaintiff alleges, among other things, that they "do not have failsafe policies that protect Plaintiff's legal mail documents from being destroyed by JOHN DOE, ensuring that JOHN DOE is held accountable for his actions, and to protect Plaintiff's right to mail documents to the Court." (Id. at 6-7, 9-13.)

As to Defendant Green, Plaintiff alleges, among other things, that Green "violated Plaintiff's confidential privilege mail, by keeping Plaintiff's legal documents for three consecutive days, to peruse Plaintiff's suit against CDCR defendants, and not in the presence of Plaintiff. To remain apprise of liability and litigation against fellow prison staff, and pertaining to Plaintiff's controversial prison rape suit." (Id. at 8.) Plaintiff further alleges that Green issued a "false disciplinary infraction for Plaintiff exercising his administrative remedy against him." (Id. at 7-8.)

As to Defendant Engler, Plaintiff alleges, among other things, that Engler interfered with Plaintiff's ability to exhaust his administrative remedies and his ability to locate certain legal documents. (Id. at 16.)

## III.
## STANDARD OF REVIEW

**A.    PLRA Screening.**

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service for the purpose of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c)(1). The Court's screening of the pleading under the foregoing statutes is governed by certain standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). Since plaintiff is appearing pro se, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 623 (9th Cir. 1988). Moreover, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).

With respect to Plaintiff's pleading burden, the Supreme Court recently held that while a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief

above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. —, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (citations and footnote omitted), abrogating Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (dismissal under Rule 12(b)(6) is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.")  The Bell Atlantic Court further explained in a footnote:

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

Id. at 1965 n.3 (citations omitted).

**B.     Leave to Amend.**

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc).  Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a complaint cannot be cured

by amendment, the Court may dismiss without leave to amend. Cato, 70 F.3d at 1005-06.

## IV.

## DISCUSSION

**A.      The Complaint Is Subject to Dismissal for Failure to State a Claim Based on Respondeat Superior Liability.**

Supervisory personnel are not individually liable under § 1983 on a theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 691, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1992); Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989). A supervisory official may be personally liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See Redman, 942 F.2d at 1446-47; Hansen, 885 F.2d at 646; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Unsupported, conclusory allegations are insufficient to state a valid claim. Sherman v. Yakahi, 549 F.2d 1287, 1290 (9th Cir. 1977).

As set forth above, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . ." Bell Atlantic Corp., 127 S. Ct. at 1964-65.

As to Defendants Tilton and Marshall, Plaintiff alleges, among other things, that they "do not have failsafe policies that protect Plaintiff's legal mail documents from being destroyed by JOHN DOE, ensuring that JOHN DOE is held accountable for his actions, and to protect Plaintiff's right to mail documents to the

Court." (Compl. at 6-7, 9-13.) These conclusory allegations are clearly insufficient to establish supervisory liability against these Defendants. Thus, the Complaint is subject to dismissal for failure to state a claim for supervisory liability against Defendants Tilton and Marshall.

**B.     The Complaint Is Subject to Dismissal for Failure to State an Access to Court Claim.**

It has long been "established beyond doubt that prisoners have a constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 821, 97 S. Ct. 1491, 1494, 52 L. Ed. 2d 72 (1977). A prisoner's right to meaningful access to the courts, along with his broader right to petition the government for a redress of his grievances under the First Amendment, precludes prison authorities from penalizing a prisoner for exercising those rights. In some instances, prison authorities must even take affirmative steps to help prisoners exercise their rights. Id. at 821-32; Casey v. Lewis, 4 F.3d 1516, 1520 (9th Cir. 1993). The right of meaningful access to the courts extends to established prison grievance procedures. Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).

As to Defendant Engler, Plaintiff alleges, among other things, that Engler interfered with Plaintiff's ability "to exhaust his administrative remedies prior to advancing to court" and his ability to locate certain legal documents. (Complaint at 16.) These conclusory allegations are clearly insufficient to state an access to courts claim against Defendant Engler. Thus, the Complaint is subject to dismissal for failure to state an access to courts claim as to Defendant Engler.

**C.     The Complaint Is Subject to Dismissal for Failure to State a Claim Based on Alleged Interference With Plaintiff's Legal Mail.**

Prison inmates have a First Amendment right to send and receive mail, subject to reasonable institutional restrictions and regulations unrelated to the suppression of free expression. Thornburgh v. Abbott, 490 U.S. 401, 413, 109 S. Ct. 1874, 104 L. Ed. 2d 459 (1989); Procunier v. Martinez, 416 U.S. 396, 408-09,

6

94 S. Ct. 1800, 40 L. Ed. 2d 224 (1974), overruled on other grounds by Thornburgh, 490 U.S. at 413-14; Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995).

Where legal mail is concerned, a protected right of access to the courts may also be violated if prison mail procedures actually impair or hinder a prisoner's presentation of grievances or the prosecution of litigation. See Royse v. Superior Court of the State of Washington, 779 F.2d 573, 575 (9th Cir. 1986). It is clear, however, that where a claim involves nothing more than occasional error, delay, or negligence in the handling of mail, with no resulting injury or prejudice to the prisoner, no constitutional violation occurs. See Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989) (inadvertent opening of legal mail outside inmate's presence fails to state constitutional claim); Royse, 779 F.2d at 575 (prisoner did not show that inspection of mail addressed to a court delayed or hindered his access to the court); Bach v. Illinois, 504 F.2d 1100, 1102 (7th Cir. 1974) (isolated incident of mail delay is insufficient to state a constitutional claim); see also Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir. 1989) (in order to state a claim for denial of access to courts, an inmate must show a specific instance in which he was actually deprived of access to court).

As to Defendant Green, Plaintiff alleges, among other things, that Green "violated Plaintiff's confidential privilege mail, by keeping Plaintiff's legal documents for three consecutive days, to peruse Plaintiff's suit against CDCR defendants, and not in the presence of Plaintiff. To remain apprise of liability and litigation against fellow prison staff, and pertaining to Plaintiff's controversial prison rape suit." (Compl. at 8.) Plaintiff further alleges that this alleged misconduct prevented the delivery to the state courts of a habeas corpus petition relating to the proper calculation of his custody credits and prevented the delivery of a box of legal documents to Plaintiff upon his release from custody. (Id. at 7-8.)

While Plaintiff alleges he was prevented from delivering a habeas corpus petition to the state courts, his conclusory allegations do not establish liability on Defendant Green's part. Thus, the Complaint is subject to dismissal for failure to state an access to courts claim as to Defendant Green.

**D. The Complaint Is Subject to Dismissal for Failure to State a First Amendment Retaliation Claim.**

A prisoner suing prison officials for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Rizzo v. Dawson, 778 F.2d 527 (9th Cir. 1985). A prisoner must also establish that his or her constitutional rights were actually chilled. Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

Plaintiff alleges that Defendant Green issued a "false disciplinary infraction for Plaintiff exercising his administrative remedy against him." (Compl. at 7-8.) However, Plaintiff fails to allege that the retaliatory action did not advance legitimate penological goals (Pratt, 65 F.3d at 806), or that his First Amendment rights were actually chilled. Resnick, 213 F.3d at 449. Thus, the Complaint is subject to dismissal for failure to state a retaliation claim against Defendant Green.

**E. The Complaint Must Comply with Fed. R. Civ. P. 8.**

Rule 8 of the Federal Rules of Civil Procedure provides that: "[a] pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief,. . ." Fed. R. Civ. P. 8(a). Rule 8 further provides that: "[e]ach averment of a pleading shall be simple, concise, and direct. . ." Fed. R. Civ. P. 8(e)(1). A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil

1 Procedure, including Rule 8(a)(2)'s "short and plain statement" requirement.  See
2 Vakalis v. Shawmut Corp., 925 F.2d  34, 36 (1st Cir. 1991); Mangan v.
3 Weinberger, 848 F.2d 909, 911 (8th Cir. 1988).
4      From what the Court can gather from the Complaint, Plaintiff is attempting
5 to state claims for relief based on the denial of access to courts.  However, due to
6 the rambling nature of the Complaint, it is difficult for the Court the determine any
7 additional legal theories Plaintiff may be attempting to raise against any other
8 Defendants.  Plaintiff is reminded that he must comply with Rule 8 with regard to
9 any future Complaints he may file.

## V.

## ORDER

12      Based on the foregoing, the Court hereby dismisses the Complaint.  See Noll
13 v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must
14 be given leave to amend his complaint unless it is absolutely clear that the
15 deficiencies of the complaint cannot be cured by amendment).
16      If Plaintiff still wishes to pursue this action, he shall have thirty (30) days
17 from the date of this Order within which to file a First Amended Complaint,
18 attempting to cure the defects in the Complaint.  The First Amended Complaint
19 shall be complete in itself and must remedy the deficiencies discussed.  Plaintiff
20 may not use "et al." in the caption but must name each Defendant against whom
21 claims are stated.  Furthermore, Plaintiff must use the blank Central District Civil
22 Rights Complaint form accompanying this order, must sign and date the form,
23 must completely and accurately fill out the form, and must use the space provided
24 in the form to set forth all of the claims that he wishes to assert in his First
25 Amended Complaint.  The Clerk is directed to provide Plaintiff with a blank
26 Central District Civil Rights Complaint form.  The First Amended Complaint shall
27 not refer to the previously dismissed Complaint.
28      Failure to comply with these requirements may result in the dismissal of this

1  action for failure to prosecute and/or failure to comply with a court order.  Failure
2  to remedy the deficiencies discussed may also result in a recommendation that the
3  action be dismissed.

5  **IT IS SO ORDERED.**

7  DATED: August 27, 2008

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge